<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NORMA SCOTT, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-5115 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Norma Scott ("Scott") of the final decision of the Commissioner of Social Security ("Commissioner") determining that her date of onset of disability is August 11, 2000, and that she is therefore not entitled to Social Security Disability Insurance Benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision must be **REVERSED** and **REMANDED** for further proceedings.

**I. BACKGROUND**

The following facts are undisputed. Scott was born on November 3, 1961. She has a twelfth grade education and has worked as a housekeeper. On June 5 and June 21, 2003, she filed applications for Social Security disability insurance benefits and SSI benefits, alleging disability since December 31, 1981 due to mental and emotional impairments, back pain, foot

pain, and hearing loss.

Scott's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Michal L. Lissek (the "ALJ") on October 5, 2004, who issued a partially favorable decision on April 1, 2005. The ALJ decided that Plaintiff was disabled and eligible for SSI benefits as of August 11, 2000, but not entitled to disability income benefits because of her disability onset date. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security. On October 25, 2005, Plaintiff filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

B.      Standard for Awarding Benefits Under the Act

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and

3

aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

C.   The Five-Step Evaluation Process

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120. If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §§ 404.1512(g), 404.1560(c)(1). If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled. Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the

burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

> Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

> While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the

decision. See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006). Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format." Id.

D.   Plaintiff's Appeal

This case presents the unusual situation in which it is apparent from the face of the ALJ's decision that it does not conform to Social Security Regulations or controlling Third Circuit authority. The ALJ's decision shows clear error and will be reversed and remanded.

In brief, the ALJ recognized that the date of onset of Plaintiff's disability was unclear, and called on the services of a medical advisor, Dr. Gordon. At the hearing, the ALJ asked Dr. Gordon for his expert opinion on the subject of date of onset. As stated by the ALJ, "Dr. Gordon testified that it was probable that the claimant's problems . . . go back to 1990." (Tr. 26.) The ALJ also reported that Dr. Gordon said that there was no medical evidence of Plaintiff's level of functioning prior to 2000.

At that point, in the absence of contrary medical evidence, the ALJ might have relied on the opinion of the Commissioner's medical expert. Instead, the ALJ reports that "the record was held open to subpoena records" from the Veteran's Administration covering the period prior to 2000. (Tr. 26.) According to the ALJ, these records did not arrive. (Id.) It is at this point that the ALJ took the wrong path. The ALJ proceeded to perform her own analysis of the evidence available to her on the question of the date of onset. The ALJ observed that Plaintiff earned $4,678.29 in 1998 and $69.09 in 1999. (Id.) The ALJ noted that the 1998 employment was "an assembly job, which the claimant stated ended because her employer claimed she was too slow, not because her mental problems prevented her from functioning on the job." (Id.) The ALJ also

8

observed that Plaintiff reported two other jobs ending because of problems with her feet.  The ALJ discounted Dr. Gordon's expert opinion on the basis of her own analysis of these pieces of evidence.  In doing so, she departed from Social Security Administration policy and Third Circuit law.

The ALJ's decision is problematic on several grounds.  First, the ALJ wrote that Plaintiffs' Veterans Administration medical records were requested but not received.  While this may be true, this overlooks the evidence present in the record, which contains the decision issued by the Department of Veterans Affairs on April 6, 2004.  (Tr. 101-103.)  The report concludes that Plaintiff has a "total service-connected disability, permanent in nature" of "post-traumatic stress disorder with schizophrenia."  (Tr. 102-103.)  The report states, "your difficulties appear to be a direct result of the rape in the Army."  (Tr. 103)  Plaintiff last served in the Army in 1980.  (Tr. 101.)  This is substantial evidence that the date of onset was in 1980.

Second, the ALJ cites Social Security Ruling 83-20 but does not appear to have fully followed it.  Social Security Rulings "are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).  SSR 83-20 states rules for the determination of the onset date of disability:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition.

SSR 83-20.  The ALJ did call on the services of a medical advisor, Dr. Gordon, but discounted it on the basis of her own analysis.  Weighing the evidence the ALJ cited (the 1990's employment history and Plaintiff's reports about it[3]) against the testimony of the Commissioner's expert, and the report of the Department of Veteran's Affairs, this Court cannot agree that the ALJ's decision is supported by substantial evidence.  Rather, on reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed.  United States Gypsum, 333 U.S. at 395.

The ALJ is not allowed to substitute her lay analysis for a medical opinion.  The Third Circuit made this clear in Walton v. Halter, 243 F.3d 703, 705 (3d Cir. 2001).  In that case, plaintiff claimed disability based on mental illness.  The ALJ recognized that "while it seemed clear that [plaintiff] suffered from a mental impairment rising to the level of disability at some point in his life, the timing of the disability's onset was uncertain."  Id. at 706.  The ALJ analyzed the evidence as to onset date and resolved the uncertainty on his own, without consulting a medical expert on the issue of the date of onset.  The district court affirmed, but the Third Circuit reversed, holding that "SSR 83-20 and the substantial evidence rule dictate . . . that an ALJ in a situation of this kind must call upon the services of a medical advisor rather than rely on his own lay analysis of the evidence."  Id. at 709.

---

[3] The problems with relying on Plaintiff's reports are discussed further infra.

In the instant case, the ALJ did call upon the services of a medical advisor, but then rejected Dr. Gordon's opinion based on her own lay analysis of the evidence. This is not permissible under Walton.

Furthermore, if the ALJ felt that the available evidence about the date of onset was insufficient, SSR 83-20 imposes upon her an obligation to investigate which the ALJ did not sufficiently meet. If there is any doubt about this, the Ruling goes on to make it quite clear in cases involving mental illness:

> Because mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset, development should be undertaken in such cases to ascertain the onset date of the incapacitating impairment. Contact with the individual's family, former employers, and other associates may lead to information about previous hospitalizations, medical treatment, or manifestations of symptoms prior to the current hospitalization.

Id. The language of the Ruling is unmistakable: development *should* be undertaken. Unable to obtain the Veterans Administration records from the 1990's, the ALJ did not explore other sources of information. The Commissioner did not perform the investigation of the date of onset that SSR 82-30 requires.

Lastly, the ALJ's decision is problematic because she used the reports of a mentally ill person as historical evidence of the absence of disability. Plaintiff has been diagnosed with schizophrenia. SSR 83-20 appreciates, in a way that the ALJ did not, the special problems involved in relying on information furnished by a seriously mentally ill claimant. As just cited, the policy recognizes that mentally ill claimants "may not be capable of protecting themselves" when they furnish evidence. SSR 82-30 directs the Commissioner to develop information on date of onset from other sources to address this difficulty.

The legal reasoning underlying the ALJ's decision is problematic is well. The ALJ appears to have taken the position that Plaintiff bore the burden of proof of her disability, and had failed to prove it as to 1990 through 2000. While it is true that Plaintiff bears the legal burden of proving disability, Bowen, 482 U.S. at 146 n.5, SSR 82-30 also imposes requirements on the Social Security Administration that were not satisfied in this case.

Defendant responds that the ALJ satisfied the requirements of SSR 83-20 by obtaining testimony from medical expert Dr. Gordon. This does not help Defendant's case, since the ALJ discounted the testimony from the expert and substituted her own lay analysis. Defendant does not address the duty to investigate imposed by SSR 82-30.

Plaintiff's arguments in this matter also miss the mark, as Plaintiff faults the ALJ for failing to properly follow the five-step evaluation process for the period of 1990 through 2000. In this case, the failure to follow SSR 83-20 is more fundamental.

The holding of Walton dictates the outcome of this matter. Faced with uncertainty as to the date of onset of a mental illness, SSR 83-20 and Third Circuit authority require the ALJ to call upon the services of a medical advisor rather than rely on her own lay analysis. Moreover, SSR 82-30 instructs the Social Security Administration to investigate to develop evidence of the date of onset. The decision of the Commissioner is reversed and remanded for further proceedings consistent with this Opinion.

## III.  CONCLUSION

For the reasons stated above, this Court reverses the Commissioner's decision and remands this case to the Commissioner for further proceedings in accordance with this Opinion.

                                              s/ Stanley R. Chesler
                                      STANLEY R. CHESLER, U.S.D.J.

Dated: December 12, 2006